UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

ROBERT MANN ,

                Petitioner,                Case No. 1:08-cv-491

v.                                     Honorable Robert Holmes Bell

SHIRLEE A HARRY,

                Respondent.

_____/

## REPORT AND RECOMMENDATION

        This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254.  Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243.  If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face).  A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false.  *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999).  The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006).  After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

**Discussion**

I.      Factual Allegations

Petitioner is currently incarcerated at Muskegon County Correctional Facility.  He is serving a parolable term of life for one count of assault with intent to rob while armed, in violation of MICH. COMP. LAWS § 750.89, and a consecutive two-year term for one count of possessing a firearm commission of a felony, in violation of MICH. COMP. LAWS § 750.227b.

Petitioner was convicted by a jury in Kalamazoo County Circuit Court on August 29, 1977.  He filed a direct appeal with the Michigan Court of Appeals and his conviction was affirmed on April 17, 1979.  According to his petition, he sought leave to appeal from the Michigan Supreme Court on October 31, 1990, eleven years later.  His application was denied on June 6, 1991.

Petitioner has filed numerous motions for relief from judgment pursuant to MICH. CT. R. 6.500.  His first 6.500 motion was filed on September 20, 1989, raising ineffective assistance of counsel. It was denied on July 26, 1990.  On September 17, 1990, Petitioner sought leave to appeal to the Michigan Court of Appeals, which was denied on January 8, 1991.  Petitioner indicates that he sought leave to appeal to the Michigan Supreme Court, which was denied on May 31, 1991.  According to Kalamazoo County Circuit Court records, Petitioner filed five subsequent motions for relief from judgment: one motion each year in 1991, 2002, and 2007 and two motions in 2005.  All were denied by Kalamazoo County Circuit Court.  Petitioner's applications for leave to appeal to the Michigan Court of Appeals or the Michigan Supreme Court, if leave was sought, were denied.

Petitioner raises two grounds in his petition. First, Petitioner asserts that the "statements of Ms. Doris Woods and Glendora Eskridge did in fact represent newly discovered

evidence." (Pet. at 9.)  Second, Petitioner claims prosecutorial misconduct deprived him of an

important witness during an evidentiary hearing held on September 11, 1979.  (*Id*. at 10.)

   II. <u>Statute of Limitations</u>

   Petitioner's application is barred by the one-year statute of limitations provided in 28

U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and

Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA).  Prior to enactment

of the AEDPA, there was no defined period of limitation for habeas actions.[1]  Section 2244(d)(1)

provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas
> corpus by a person in custody pursuant to the judgment of a State court.  The
> limitation period shall run from the latest of
>
> > (A) the date on which the judgment became final by the conclusion of direct
> > review or the expiration of the time for seeking such review;
>
> > (B) the date on which the impediment to filing an application created by State
> > action in violation of the Constitution or laws of the United States is
> > removed, if the applicant was prevented from filing by such State action;
>
> > (C) the date on which the constitutional right asserted was initially recognized
> > by the Supreme Court, if the right has been newly recognized by the Supreme
> > Court and made retroactively applicable to cases on collateral review; or
>
> > (D) the date on which the factual predicate of the claim or claims presented
> > could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  The running of the statute of limitations is tolled when "a properly filed

application for State post-conviction or other collateral review with respect to the pertinent judgment

or claim is pending."  28 U.S.C.  § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82

---

[1]Previously, the only time limit was provided in Rule 9 of the Rules Governing § 2254 Cases, which allows dismissal of a petition only under circumstances where the state has been prejudiced by the delay in filing.

(2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured.  *See Dodd v. United States*, 545 U.S. 353, 357 (2005).  Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  According to paragraph nine of Petitioner's application, Petitioner appealed his conviction to the Michigan Court of Appeals and Michigan Supreme Court.  The Michigan Supreme Court denied his application on October 31, 1990.  Petitioner did not petition for certiorari to the United States Supreme Court.  The one-year limitations period, however, did not begin to run until the ninety-day period in which Petitioner could have sought review in the United States Supreme Court had expired.  *See Lawrence v. Florida*, 127 S. Ct. 1079, 1083-084 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000).  The ninety-day period expired on Tuesday, January 29, 1991.

Petitioner's conviction became final before the enactment of AEDPA.  Because enactment of the statute could extinguish otherwise viable claims, the Sixth Circuit has recognized a one-year grace period from enactment of the statute on April 24, 1996.  *Austin v. Mitchell*, 200 F.3d 391, 393 (6th Cir. 1999).  The grace period ends on April 24, 1997.  *Bronaugh*, 235 F.3d at 284-85. Petitioner's application for habeas relief was filed on May 28, 2008, over a decade after the grace period ended.  Thus, his application is time-barred.

Petitioner asserts that his petition is timely because his last filed motion for relief from judgment was filed on "December 10, 2007 and denied on December 21, 2007."  (Pet. at 13.) While 28 U.S.C. § 2244(d)(2) provides that the one-year statute of limitations is tolled while a duly

- 4 -

filed petition for state collateral review is pending, the tolling provision does not "revive" the limitations period (i.e., restart the clock); it can only serve to pause a clock that has not yet fully run. *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001).  Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations.  *Id.*; *McClendon v. Sherman*, 329 F.3d 490, 493 (6th Cir. 2003)  Even where the post-conviction motion raises a claim of ineffective assistance of appellate counsel, the filing of the motion for relief from judgment does not revive the statute of limitations.  *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (citing *McClendon*, 329 F.3d 490).  Because Petitioner's one-year period expired in 1997, his state-court motions for collateral relief filed in 2002, 2005, and 2007 do not serve to revive the limitations period.

Ground 3 of the petition asserts that the statements of Doris Woods and Glendora Eskridge constitute newly discovered evidence.  In a true case of newly discovered evidence, the one-year statute of limitations begins to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  28 U.S.C. § 2244(d)(1)(D).  Petitioner provides virtually no information concerning the relevance of the two witness statements, the date upon which he first discovered the substance of their testimony, or the date upon which such information could have been discovered through the exercise of due diligence.  Petitioner does indicate, however, that he filed a state post-conviction motion with regard to these statements on July 27, 2005.  Consequently, the Court may presume that Petitioner had actual knowledge of the factual predicate for ground 3 no later than July 27, 2005.  Petitioner further indicates that the motion was denied in 2005 and that he did not appeal.  Consequently, even presuming that ground 3 is based upon newly discovered evidence, the one-year limitations period

began to run in the year 2005, when the circuit court entered an unappealable order denying Petitioner's successive post-conviction.  The habeas corpus petition, which was not filed until May 28, 2008, came well after the expiration of this period, even giving plaintiff the benefit of every conceivable doubt.

The one-year limitations period applicable to § 2254 is a statute of limitations subject to equitable tolling.  *Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001).  A petitioner bears the burden of showing that he is entitled to equitable tolling.  *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004); *Jurado v. Burt,* 337 F.3d 638, 642 (6th Cir. 2003); *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002).  The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied  "sparingly" by this Court.  *See Solomon v. United States,* 467 F.3d 928, 933 (6th Cir. 2006); *Jurado*, 337 F.3d at 642; *Cook v. Stegall*,  295 F.3d 517, 521 (6th Cir. 2002); *Dunlap*, 250 F.3d at 1008-009.  A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  *Lawrence*, 127 S. Ct. at 1085 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Petitioner has failed to raise equitable tolling or allege any facts or circumstances that would warrant its application in this case.  The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling.  *See Allen*, 366 F.3d at 403-04; *Brown v. United States*, 20 F. App'x 373, 375 (6th Cir. 2001) (citing *United States v. Baker*, 197 F.3d 211, 218-19 (6th Cir. 1999)); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("ignorance of the law, even for an incarcerated

*pro se* petitioner, generally does not excuse [late] filing.").  Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds.  *See Day,* 547 U.S. at 210.  This report and recommendation shall therefore serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred.  The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

## Recommended Disposition

For the foregoing reasons, I recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations.  I further recommend that a certificate of appealability be denied.  *See Slack v. McDaniel*, 529 U.S. 473 (2000).


Dated:   July 28, 2008                          /s/  Joseph G. Scoville
                                                United States Magistrate Judge


## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).